UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| ANTHONY E. RIVERA, | ) | |
| SS#: xxx-xx-2323, | ) | Case No. 09-23209-SBB |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| _____ | )___ | |
| | ) | |
| HARVEY SENDER, Chapter 7 Trustee, | ) | Adversary Case No. |
| Plaintiff, | ) | 11-01378-SBB |
| | ) | |
| v. | ) | |
| | ) | |
| NORMAN K. CYGAN and | ) | |
| CAROL S. CYGAN, | ) | |
| Defendants. | ) | |
| | ) | |

_____

**ORDER REGARDING MOTION FOR SUMMARY JUDGMENT AND
CERTIFICATION TO THE COLORADO SUPREME COURT**
_____

THIS MATTER came before the Court for consideration of the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Summary Judgment) filed on July 6, 2011 (Docket #5) ("Defendants' Motion for Summary Judgment") by Norman K. Cygan and Carol S. Cygan ("Defendants"); the Response to Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Summary Judgment) and Cross Motion for Summary Judgment ("Plaintiff's Cross Motion for Summary Judgment") filed by Harvey Sender, Chapter 7 Trustee ("Plaintiff") on July 27, 2011 (Docket #9); and the Reply filed by the Defendants on August 8, 2011 (Docket #13).

The Plaintiff, in his capacity as Chapter 7 Trustee, seeks to assert his "strong arm" powers under 11 U.S.C. § 544(a)(3) to avoid the Defendants' lien on the Debtor's property because the deed of trust, executed for the benefit of the Defendants, although properly indexed in the appropriate recording office and containing the correct and complete street address of the property, did *not contain any legal description* of the property and, therefore, failed to provided sufficient notice of the Defendants' lien to subsequent interest holders pursuant to COLO.REV.STAT. sections 38-35-109(1) and 38-35-122. The Plaintiff seeks the status of a bona fide purchaser of the property under 11 U.S.C. § 544(a)(3) in order to avoid the Defendants' lien and to recover the property for the benefit of the estate pursuant to 11 U.S.C. § 550(a)(1).

For the reasons stated herein, and consistent with Colorado Appellate Rule 21.1, this Court

certifies the question of law before the Court to the Colorado Supreme Court.

**I.        Question of Law**

Whether a properly recorded deed of trust provides sufficient notice of a party's interest in the property if the deed of trust contains *no legal description* and identifies the property *only* by a street address.

**II.       Statement of All Facts Relevant to the Question Certified**

A.      On or about June 29, 2006, Anthony E. Rivera (the "Debtor") executed a promissory note in the original principal sum of $82,113.00 payable to the Defendants (the "Promissory Note").

B.      On June 29, 2006, the Debtor executed a Deed of Trust for the benefit of the Defendants to secure to the Defendants the repayment of the Promissory Note (the "Deed of Trust").

C.      The Deed of Trust contains no legal description of the property conveyed in trust thereby, but recites only that the property is in the City and County of Denver, State of Colorado, and has a street address of 9385 East Center Avenue #11-A, Denver, Colorado 80231 (the "Property").

D.      The Deed of Trust grants and conveys to the Public Trustee certain property in the City and county of Denver, State of Colorado described as: "SEE EXHIBIT A – LEGAL ATTACHED." However, the Exhibit A containing the legal description was omitted from the recorded Deed of Trust.

E.      The Deed of Trust omitting the legal description was recorded in the records of the Clerk and Recorder of the City and County of Denver on July 11, 2006 at Reception No. 2006108037.

F.      On July 2, 2009, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code, initiating this bankruptcy case.

G.      On August 18, 2009, the Defendants, through counsel, filed a Motion for Relief from Stay seeking leave to enforce their security interest in the Property.

H.      The Defendants attached a partial copy of an unrecorded version of the Deed of Trust to the Motion for Relief from Stay. The second page of the Deed of Trust was omitted, and the

unrecorded Exhibit A containing the legal description was attached with no notation that it had not, in fact, been recorded.

    I.    The Trustee had notice of, but did not oppose the Motion for Relief from Stay, which was granted.[1]

    J.    The Defendants proceeded with a judicial foreclosure of the property after the granting of relief from the automatic stay.  A judgment of foreclosure was obtained on April 14, 2011 (over a year and one-half after the granting of relief from the automatic stay).  Thereafter, the Trustee brought this adversary proceeding.

### III. Discussion

The issue here is whether a deed of trust, which is properly indexed in the appropriate recording office and contains the correct and complete street address of the property, but does *not contain any legal description* of the property, provides sufficient notice of a party's interest in the property to subsequent interest holders pursuant to COLO.REV.STAT. sections 38-35-109(1) and 38-35-122.

Colorado is a race-notice state where no unrecorded instrument is valid against a bona fide purchaser of the subject property who first records.[2]  As long as an instrument is properly recorded, subsequent purchasers have an obligation to find it at the county clerk and recorder's office and are considered to have constructive notice of it even if they do not locate it.[3]  The sufficiency of the property description in a deed is a question of state law.[4]  If the description in a deed identifies, or furnishes the means of identifying, the property conveyed, it performs its function.[5]

Here, the Plaintiff, in his capacity as Chapter 7 Trustee, seeks to assert his "strong arm" powers under 11 U.S.C. § 544(a)(3) to avoid the Defendants' lien on the Debtor's property

---

[1] The issue of the Trustee's failure to object to the Defendants' Motion for Relief from Stay, or any questions of the Trustee's rights being waived, subject to laches, or otherwise affected by the relief from stay order, is reserved by the Bankruptcy Court.  The question certified to the Colorado Supreme Court is the more narrow, predicate, and state law issue of the validity and sufficiency of the subject deed of trust and interpretation of COLO.REV.STAT. sections 38-35-109(1) and 38-35-122.

[2] COLO.REV.STAT. § 38-35-109(1).

[3] *Franklin Bank v. Bowling*, 74 P.3d 308 (Colo. 2003).

[4] *Guaranty Bank and Trust Co. v. LaSalle Nat. Bank Ass'n*, 111 P.3d 521, 524 (Colo.App., 2004).

[5] *Harrison v. Everett*, 135 Colo. 55, 60 (1957)

because the deed of trust, executed for the benefit of the Defendants, although properly indexed in the appropriate recording office and containing the correct and complete street address of the property, did not contain any legal description of the property and, therefore, failed to provided sufficient notice of the Defendants' lien to subsequent interest holders pursuant to COLO.REV.STAT. sections 38-35-109(1) and 38-35-122.  The Plaintiff seeks the status of a bona fide purchaser of the property under 11 U.S.C. § 544(a)(3) in order to avoid the Defendants' lien and to recover the property for the benefit of the estate pursuant to 11 U.S.C. § 550(a)(1).

This issue of whether a deed of trust which contains *no legal description* can adequately provide notice to subsequent interest holders appears to be a case of first impression in Colorado and this Court believes that the Colorado Supreme Court is the more appropriate judicial body to decide the important, consequential, and unsettled issue of state law.  This Court believes it is wise and prudent, if not necessary,[6] to defer and look to the Colorado Supreme Court for interpretation of the state law and application of the statutes which are central to the ongoing commerce of the state.

Therefore, to achieve an authoritative, cogent, clear and certain determination of this issue, the Court will certify and submit to the Colorado Supreme Court the question of whether a deed of trust which is properly indexed in the appropriate recording office and contains the correct and complete street address of the property, but does not contain any legal description of the property, provides sufficient notice of a party's interest in the property to subsequent interest holders pursuant to COLO.REV.STAT. sections 38-35-109(1) and 38-35-122.  A determination on the Defendants' Motion for Summary Judgment will be stayed pending a final determination of this issue by the Colorado Supreme Court.

---

[6]  *See Stern v. Marshall*, ___ U.S.___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).

**IV.    Conclusion and Order**

IT IS THEREFORE ORDERED that the Defendants' Motion for Summary Judgment is STAYED pending final determination of the question before the Court by the Colorado Supreme Court.

IT IS FURTHER ORDERED that this Court will certify and submit to the Colorado Supreme Court the following question of law:

> **Whether a properly recorded deed of trust provides sufficient notice of a party's interest in the property if the deed of trust contains *no* legal description and identifies the property only by a street address.**

IT IS FURTHER ORDERED that the Clerk of the Bankruptcy Court shall certify this Order under official seal to the Colorado Supreme Court. The Clerk of the Court shall forward to the Colorado Supreme Court copies of the docket sheet, Complaint (Docket #1), Defendants' Motion to Dismiss (Summary Judgment) (Docket #5), Plaintiff's Response to Defendants' Motion to Dismiss (Summary Judgment) and Cross Motion for Summary Judgment (Docket #9 and #10) and the Defendant's Support Brief (Docket #13). The Clerk shall deliver the documents as specified to:

> Colorado Supreme Court
> 101 W. Colfax, Suite 800
> Denver, CO 80202

Dated this 19th day of September, 2011.

BY THE COURT:

Sidney B. Brooks,
United States Bankruptcy Judge